# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID E. KELLY, | Case No. CV-15-02572-PHX-GMS |
| Plaintiff, | |
| vs. | **RULE 26(f)(1) CASE MANAGEMENT REPORT** |
| MARICOPA COUNTY and SHERIFF JOE ARPAIO, individually; and DOES I through XX, | [Copyright Infringement] |
| Defendants. | |

Counsel for the Parties, Plaintiff David E. Kelly (hereinafter, the "Plaintiff" or "Mr. Kelly") and Defendant Sheriff Joe Arpaio (hereinafter, the "Defendant") (collectively, the "Parties"), having met and conferred, hereby submit their Case Management Report, pursuant to Fed. R. Civ. P. 26(f)(1):

1. Participating in the Rule 26(f) meeting on March 24, 2016, were counsel for the Plaintiff, Manotti L. Jenkins, Esq., and counsel for the Sheriff Arpaio, Renee Waters, Esq. Mr. Jenkins and Ms. Waters collaborated in developing this Case Management Report.

2. The Parties are: Plaintiff – David E. Kelly; Defendants – Sheriff Joe Arpaio, Maricopa County, and Does I through XX (subject of presently pending First Amended Complaint).

3. Nature of the Case:

<u>Plaintiff asserts:</u>

<u>The</u> Plaintiff, David E. Kelly ("Mr. Kelly"), is the owner of Copyright Reg. No. VA0001175518, which covers his photograph entitled, "Remembering September 11th, 2001". In or about September 2002, Mr. Kelly was the victim of a blatant and criminal theft of his intellectual property by a man named Raymond Young. Mr. Kelly entered into an agreement with Young, totally unaware of his criminal past in Maricopa County. Young, starting in 2002, began to orchestrate a colossal scheme of distributing, for financial gain and at Mr. Kelly's expense, massive amounts of counterfeit copies of posters bearing Mr. Kelly's copyrighted photograph (the "Copyrighted Posters"). Mr. Kelly began contacting the Maricopa County Sheriff's Office as soon as he learned of Young's criminal conduct against him, but the Sheriff's Office refused to do anything about it. Mr. Kelly has persistently pursued Young since 2002 and was successful in a civil action against him in 2008, and also prevailed against him as Young attempted to have the judgment discharged in bankruptcy.

Mr. Kelly later learned that in early 2012, Young and Sheriff Arpaio met, at which time, based on Mr. Kelly's reasonable belief, the two men discussed Young's criminal conduct against Mr. Kelly in stealing and profiting from sales of the Copyrighted Posters. Based on information and belief, Young and Sheriff Arpaio cut a deal whereby Sheriff Arpaio would refrain from arresting or otherwise pursuing charges against Young in exchange for Young donating 3,000 copies of the counterfeit Copyrighted Posters to the Maricopa County Sheriff's Office. Attached to the Amended Complaint as Ex. C is a photograph in which Young and Sheriff Arpaio posed together holding a copy of the Copyrighted Posters. Young wrote on the photograph the

2

following: "**RAY AND SHERIFF JOE POSE FOR RAYS DONATION OF 3000 POSTERS TO MARICOPA COUNTY SHERIFF'S OFFICE. LIMITED EDITION PRINT OF THE 911 TRIBUTE AT DIAMONDBACK STATDIUM THAT RAY OWNED THE COPYRIGHT.**"

On January 25, 2013, Mr. Kelly had a chance meeting with Sheriff Arpaio on a downtown Phoenix street. The two men spoke for approximately fifteen (15) minutes. They discussed the fact that Sheriff Arpaio had obtained the 3,000 counterfeit Copyrighted Posters from Young. In addition, Sheriff Arpaio admitted to having sold the donated counterfeit Copyrighted Posters. The Sheriff also specifically recalled knowing that Mr. Kelly had contacted his office and had spoken with his deputies and his secretary about the criminal activity perpetrated against him by Young. Having acknowledged those transgressions against Mr. Kelly, Sheriff Arpaio promised Mr. Kelly that he would "make it up to you somehow."

On November 21, 2014, one of the Sheriff's deputies admitted to Mr. Kelly that the Sheriff's Office had sold framed copies of the counterfeit Copyrighted Posters at their charity auctions and that the Sheriff's Office had made money from the sales. From his discussion with the Sheriff's deputy, Mr. Kelly reasonably believes the deputy's admission indicated that such sales were very recent to the time period of the November 21, 2014 conversation.

The Plaintiff's claim is for federal Copyright infringement against Maricopa County and Sheriff Arpaio, from which he seeks compensatory and punitive damages for willful infringement against both Defendants.

<u>Defendant asserts</u>:

Defendant contests Plaintiff's description of events and maintains that the statute of limitation bars Plaintiff's suit.

4. The Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 17 U.S.C. §§ 101, *et seq.*, and §§ 28 U.S.C. 1331 and 1338(a).

5. The Plaintiff filed a Motion for Leave to File a First Amended Complaint on March 18, 2016. The Plaintiff attached the First Amended Complaint to his said motion, in which he substituted defendant Maricopa County for prior named defendant Maricopa County Sheriff's Office, and added unknown Does as defendants. On April 5, 2016, the Court granted the Plaintiff's motion. The Plaintiff filed his First Amended Complaint on April 7, 2016. Defendant Maricopa County has not yet been served but Plaintiff expects to execute such service prior to the Case Management Conference.

6. The Plaintiff may add parties to the case and may supplement the pleadings.

7. The Plaintiff does not presently anticipate filing any motions, but reserves his right to do so should uncovered facts dictate the need to do so. Defendant anticipates filing a motion under Federal Rule of Civil Procedure 12(b).

8. The Parties agree that the case is suitable for reference to a United States Magistrate Judge for a settlement conference. The Plaintiff does not believe the case is suitable for reference to a United States Magistrate Judge for trial.

9. There are no related cases.

10. The Parties exchanged initial disclosures on April 8, 2016.

11. The Parties acknowledge their right to serve requests under Rule 34 any time 21 days after the Parties have been served. The Parties will attempt to exchange initial Rule 34 requests prior to the Rule 16 Scheduling Conference.

12. The Plaintiff will request e-mails from the Maricopa County Sheriff's Office. The Defendants will request e-mails from the Plaintiff's personal computer. The Parties agree to produce such e-mails in electronic format.

13. The Parties are presently unaware of any issues related to claims of privilege or work product.

14. The Parties are presently unsure whether an order under Federal Rule of Evidence 502(d) is warranted, but both Parties reserve the right to revisit this issue should uncovered facts dictate the need to do so.

15. The Parties believe discovery will be pursued in the case as follows:

**Plaintiff:**

a. The Plaintiff anticipates seeking discovery going back to 2002. The general nature of such discovery shall include, but not necessarily be limited to:

  i. All communications between Raymond Young and any employee of the Maricopa County Sheriff's Office since 2002.

  ii. All communications between Raymond Young and Sheriff Arpaio since 2002.

  iii. All communications about Raymond Young between any employee of the Maricopa County Sheriff's Office and any third party, among employees of the Maricopa County Sheriff's Office, or between Young and any third party that is in the possession of any employee of the Maricopa County Sheriff's Office.

  iv. All communications between Plaintiff David Kelly and any employee of the Maricopa County Sheriff's Office since 2002.

  v. All communications between Plaintiff David Kelly and Sheriff Arpaio since 2002.

  vi. All communications concerning Copyright Reg. No. VA0001175518, the photograph entitled, "Remembering September 11th, 2001," or the Copyrighted Poster since 2002.

  vii. All sales receipts and other documents evidencing sales of the Copyrighted Poster by the Maricopa County Sheriff's Office or Sheriff Joe Arpaio, whether at auctions or any other forum.

viii. All communications concerning the photograph of Sheriff Arpaio and Raymond Young holding a copy of the Copyrighted Poster, which is attached to the First Amended Complaint as Ex. C.

ix. The Plaintiff reserves his right to amend this list.

**Defendant:**

The Defendant anticipates seeking discovery related to Plaintiff's business agreement and communications with Raymond Young as well as any alleged communications with members or representatives of the Maricopa County Sheriff's Office. Defendant also anticipates requesting discovery related to any and all public statements that Plaintiff has made about the events alleged in his petition, including but not limited to social media postings, interviews, and online fundraising campaigns. Further, the Defendant anticipates seeking discovery related to Plaintiff's alleged damages.

b. The Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.

c. The Parties agree to seven-hour maximums for each deposition, but agree to discuss the need to extend the time for the deposition of any witness if proposed by either Party having an appropriate justification for seeking such an extension.

16. The Parties have agreed to the following case deadlines:

a. **Fact Discovery: November 4, 2016**

b. **Expert Disclosures:**

   i. **Plaintiff's expert(s) CV(s) and summary of opinions due on December 2, 2016; Defendants' expert(s) CV and summary of opinions due on December 16, 2016.**

   ii. **Plaintiff's expert(s) report(s) due on January 6, 2017; Defendants' expert(s) report(s) due on February 3, 2017.**

      c.    **Expert Depositions:  February 24, 2017**

      d.    **Dispositive Motions: March 24, 2017**

      e.    **Settlement Talks:     April 14, 2017**

      f.    **Service of Written Discovery Requests and Initial Deposition Notices (Fed. R. Civ. P. 33 and 34):  June 3, 2016**

      g.    **Notice of Initial Discovery Requests (Rule 30 or 31): June 3, 2016**

      h.    **Notice of any Rule 35 Examination:  July 29, 2016**

17. A jury trial was requested by the Plaintiff and is demanded by Defendant as well.

18. The Plaintiff presently estimates a two-week trial. The Defendants presently estimate a four-day trial. The Parties will confer before the trial to determine if there are any appropriate stipulations that can shorten the trial.

19. The Parties are open to exploring the possibility of settlement[1] and welcome any assistance the Court can provide.

20. The Parties do not believe there are any additional matters that will aid the Court in resolving this case in a just, speedy, and inexpensive manner.

---

[1] This general position should in no way be construed to defeat or contradict Defendant's assertion that this suit is barred by the statute of limitation and has no merit.

| | | |
|---|---|---|
| 1 | DATED: April 8, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/Manotti L. Jenkins<br>LaShawn D. Jenkins (021840) |
| 4 | | Jenkins Law Firm<br>4020 N. 20th St., Suite 100 |
| 5 | | Phoenix, Arizona 85016 |
| 6 | | (602) 283-9868 (Tel.)<br>(602) 412-3954 (Fax) |
| 7 | | LaShawn.Jenkins@thejenkinslawfirm.com |
| 8 | | Manotti L. Jenkins (*pro hac vice*) |
| 9 | | Law Offices of Manotti L. Jenkins, LTD.<br>150 North Michigan Avenue, Suite 2800 |
| 10 | | Chicago, Illinois 60601<br>(312) 208-9537 (Tel.) |
| 11 | | (872) 228-8153 (Fax)<br>mj@mljlwoffices.com |
| 12 | | |
| 13 | | Attorneys for Plaintiff David E. Kelly |
| 14 | | |
| 15 | | /s/Renee Waters/<br>Michele M. Iafrate (015115) |
| 16 | | Renee Waters (031691)<br>Iafrate & Associates |
| 17 | | 649 N. Second Ave.<br>Phoenix, AZ 85003 |
| 18 | | (602) 234-9775<br>miafrate@iafratelaw.com |
| 19 | | |
| 20 | | Attorneys for Defendant Sheriff Joe Arpaio |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |