WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E. Kelly, | No. CV-15-02572-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Pending before the Court is Defendants Maricopa County and Sheriff Joe Arpaio's Motion to Dismiss. (Doc. 36.) For the following reasons, the Court denies the motion.

## BACKGROUND

On October 27, 2001, Plaintiff David Kelly attended Game 1 of the 2001 Major League Baseball World Series in Phoenix, Arizona. (Am. Compl. ¶ 9.) Before the first pitch, Plaintiff photographically captured an image of the baseball teams and the Phoenix Fire Department raising the American flag. (*Id.*) Entitled, "Remember September 11th, 2001," Plaintiff registered the photograph with the United States Copyright Office ("the photograph") on August 30, 2002. (*Id.*)

On September 16, 2002, Plaintiff and his company, Big League Photos, entered into an agreement with Raymond Young ("Young"), allowing Young to act as a sales agent for the distribution of posters depicting the photograph ("the posters"), but Plaintiff retained the exclusive rights to the worldwide distribution of the posters. (*Id.* ¶ 12.) Plaintiff remained solely responsible for the printing and shipping of the posters and any

sale of the posters required Plaintiff's approval. (*Id.*) In September 2002, Young began violating the agreement by falsely portraying himself as the owner of Big League Photos, selling the posters without Plaintiff's approval, and allowing other vendors to reproduce the posters. (*Id.* ¶ 14.) Upon Plaintiff's discovery of Young's actions, Plaintiff began contacting Defendants in 2002 and continuing through 2003, informing them of Young's criminal conduct. (*Id.* ¶ 18.) In 2006, Plaintiff filed a lawsuit against Young in Maricopa County Superior Court and was awarded $1.125 million.

In early 2012, Plaintiff believes Young donated 3,000 copies of the posters to Defendants in exchange for immunity from any criminal liability. (*Id.* ¶ 18.) In December 2012, Plaintiff learned Defendants were selling the posters at Phoenix-based auctions. (*Id.* ¶ 19.) On January 25, 2013, Plaintiff spoke with Defendant Arpaio in downtown Phoenix where Arpaio admitted to selling the posters and promised Plaintiff that he would "make it up to [Plaintiff] somehow." (*Id.* ¶ 20.) On November 21, 2014, a Maricopa County deputy admitted to Plaintiff that Defendants had sold framed copies of the posters at their charity auctions, leading Plaintiff to believe this occurred recently. (*Id.* ¶ 22.)

On December 18, 2015, Plaintiff filed this lawsuit against Maricopa County and Sheriff Joe Arpaio and Jane Doe Arpaio, as husband and wife, alleging copyright infringement pursuant to 17 U.S.C. § 501 (2002).

**DISCUSSION**

**I.  Legal Standard**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

### A. Statute of Limitations

Defendant asserts that Plaintiff's claim is barred by the statute of limitations because the pleading fails to establish that the alleged conduct occurred within the three years prior to the Complaint. (Doc. 36 at 3.) However, statute of limitations may only be raised as a defense when "the running of the statute is apparent from the face of the complaint" and should only be granted when "the assertions of the complaint . . . would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Under 17 U.S.C. § 507(b) (1998), a civil action for copyright infringement must be brought within three years after the claim accrues. A cause of action for copyright infringement begins to accrue when "one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (citing *Wood v. Santa Barbara Chamber of Commerce,*

*Inc.*, 507 F. Supp. 1128, 1135 (D. Nev. 1980)). Recovery is barred on claims that accrued more than three years before commencement of a lawsuit. *Id.* at 481.

Here, Plaintiff alleges that he learned Defendants were selling the posters at "Phoenix-based auctions and possibly other places" in December 2012. (Am. Compl. ¶ 19.) Further, he alleges he was told up to two years later that Defendants had recently sold his work. Plaintiff filed his original Complaint on December 18, 2015. (Doc. 1.) Therefore, it is not apparent from the face of the complaint that Plaintiff's claim is time-barred. Construed in a light most favorable to the nonmoving party, Plaintiff has sufficiently pleaded that Defendants' alleged infringement took place within the three year statute of limitations.

### B. Sufficiency of the Pleadings

Defendants argue that Plaintiff's allegation of copyright infringement is "not facially plausible." (Doc. 36 at 4.) Plaintiff, however, sufficiently pleads that Defendants engaged in copyright infringement by referencing two specific instances where Defendants admitted to liability. (Am. Compl. ¶¶ 20, 22.) Further, contrary to the Defendants' argument, these allegations are not conclusory; rather, Plaintiff alleges specific instances where the Defendants expressly acknowledged to him that they sold Plaintiff's copyrighted work. And while Plaintiff frequently asserts facts based on "information and belief," these assertions only go to Young's conspiratorial conduct and do not weigh on the merits of Plaintiff's instant claim against Defendants. *Twombly*, 550 U.S. at 551. Defendants also claim that Plaintiff "never pleads that Defendants knew the posters were copyright-protected at the time of the alleged sale." (Doc. 36.) This, however, is not a required element for establishing copyright infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (finding that "[t]o establish [copyright] infringement, two elements must be proved: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") Accordingly, the Plaintiff has pleaded enough factual content to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

1 | *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

2 | **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 36)
3 | is **DENIED**.

4 | Dated this 20th day of September, 2016.

*/s/ G. Murray Snow*
Honorable G. Murray Snow
United States District Judge