WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David E Kelly, | No. CV-15-02572-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County Sheriff Office's ("MCSO") Motion for Summary Judgment. (Doc. 71). For the reasons stated below, the Court grants the motion.

## BACKGROUND

David Kelly took a photo at the 2001 World Series in Phoenix, Arizona and copyrighted the image. Mr. Kelly agreed with Raymond Young to distribute the photograph, but Mr. Young violated the terms of the contract. In 2006, Mr. Kelly sued Mr. Young for breach of contract and won a default judgment in state court for $1.125 million.

Around December 2003, Mr. Young saw Maricopa County Sheriff Joseph Arpaio at a community event in Anthem, Arizona. Mr. Young posed for a picture with Sheriff Arpaio where both men held a poster of the World Series photo. Mr. Young posted this picture with Sheriff Arpaio on Facebook and included a caption that Mr. Young donated 3,000 copies of the poster to the MCSO. Mr. Kelly's private investigator found this

Facebook post in 2011 and shared it with Mr. Kelly.

At his deposition, Mr. Kelly testified that he encountered Sheriff Arpaio in spring 2012 and January 2013. Mr. Kelly now claims that he did not confront the Sheriff about selling the photo or gain an admission from him until the January 2013 encounter, but he does acknowledge that after his March encounter he sent Sheriff Arpaio a letter in April in which he makes the assumption that the MCSO is selling the copyrighted posters in violation of his copyright.

Mr. Kelly also testified in his deposition that he met a plainclothes MCSO Deputy named Rod at a bar in November 2014. At this encounter, Mr. Kelly testified that Rod confirmed that MCSO sold the copyrighted photos. Mr. Kelly additionally claimed that Rod gave him the impression that these sales were recent.

Mr. Kelly filed a complaint against Sheriff Arpaio and MCSO alleging copyright infringement in December 2015. This motion for summary judgment followed.

**DISCUSSION**

**I.  Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the evidence "in a light most favorable to the non-moving party." *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). Substantive law determines which facts are

material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). The Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony. *Villiarimo*, 281 F.3d at 1061 (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).

**II. Analysis**

    **A. Alleged Infringement Prior to December 2012**

A plaintiff must bring a civil suit for copyright infringement within three years after the claim accrues. 17 U.S.C. § 507(b). This statute "is primarily intended to promote the timely prosecution of grievances and discourage needless delay." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The statute of limitations runs separately for each copyright violation, *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), and under the Ninth Circuit's discovery rule, each cause of action for copyright infringement accrues when the plaintiff knows or should know about the infringement. *Roley v. New World Picture, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).[1] For cases of continuing copyright infringement, the plaintiff may bring an action for all acts that accrued within the three years preceding the filing of the suit, but not for any previous infringements. *Id.* That is, the copyright plaintiff cannot "reach back beyond the three-year limit and sue for damages or other relief for infringing acts

---

[1] Although the Supreme Court stated, "[a] copyright claim thus arises or 'accrue[s]' when an infringing act occurs[,]" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), it declined to overrule the Ninth Circuit discovery rule. *Id.* at n. 4. *See Oracle USA, Inc. v. Rimini St., Inc.*, 2015 WL 5089779, at *6 (D. Nev. Aug. 27, 2015) ("[T]he Supreme Court in *Petrella* expressly declined to reject the discovery rule. As such, the discovery rule is still controlling precedent in this action and the court shall deny defendants' motion as to this issue.") (citation omitted); *Wolf v. Travolta*, 2016 WL 911469, at *13 (C.D. Cal. Mar. 4, 2016) (applying discovery rule); *accord Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, 2014 WL 6685454, at *3 (N.D. Ill. Nov. 25, 2014) ("Until the Seventh Circuit holds otherwise, this court concludes that the discovery rule is still the law of this circuit.").

that he knew about at the time but did not pursue." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The date of discovery is an issue of fact. *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004).

Mr. Kelly first learned that MCSO received the copyrighted photos in December 2011. (Doc. 74, ¶ 28 at 7). Mr. Kelly claimed in his deposition that he confronted Sheriff Arpaio about selling the counterfeit image in spring 2012. (Doc. 74, Exh. 2). Although Mr. Kelly's later affidavit contradicted this deposition testimony, that affidavit and Mr. Kelly's April 2012 letter, on which he relies in his subsequent affidavit, confirms that he assumed that the Sheriff's Office was selling his copyrighted photograph. (Doc. 74, Exh. 9 at 3). Specifically, Mr. Kelly claimed in the April 2012 letter that Mr. Young "donated counterfeit copies to the office of Sheriff Joe Arpaio and caused Sheriff [Arpaio] to engage in the sale of the counterfeit by deceiving him." *Id*. Accordingly, Mr. Kelly knew or should have known about copyright infringement in spring 2012. Mr. Kelly brought this civil suit in December 2015. (Doc. 1). Because Mr. Kelly filed his complaint more than three years after knowing about potential copyright infringement, the statute of limitations bars recovery from any infringement before December 2012.

**B.     Alleged Infringement after December 2012**

As previously noted, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). A trial court should consider only admissible evidence to rule on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P 56(e)).

Mr. Kelly fails to create an issue of fact on a number of key issues. No evidence

contradicts that Mr. Young gave Sheriff Arpaio copies of the photograph in December 2003. (Doc. 74 at 4–5). Mr. Young testified under oath that he thought that he gave between twenty-five and one hundred posters to Sheriff Arpaio at the 2003 encounter, and no admissible testimony contradicts this statement. (Doc. 74 at 5). Further, Mr. Kelly presents no evidence that the MSCO ever sold the posters, as county records showed no evidence of any donations or fundraising sales of the disputed photograph, (Doc. 74 at 11–12, 15), and Mr. Kelly offers no other sufficient evidence that the Defendants ever held or sold copies of the disputed photograph. The sum total of Mr. Kelly's evidence that MCSO sold the copyrighted photograph after December 2012 supposedly comes from two separate encounters—a January 2013 encounter with Sheriff Arpaio and a November 2014 encounter with an MCSO deputy named Rod. Neither is sufficient to withstand summary judgment.

Mr. Kelly alleged an additional conversation with Sheriff Arpaio in January 2013. According to Mr. Kelly's affidavit, Mr. Kelly told Sheriff Arpaio that he believed that the MCSO had sold the posters containing his copyrighted photograph, and Sheriff Arpaio responded "yes" and directed Mr. Kelly to take his deputy's card. (Doc. 74, Exh 1, ¶ 19). (Doc. 74, Exh 2). Even if Mr. Kelly's version of the alleged encounter is true, Sheriff Arpaio did nothing more than say "yes" when Kelly accused the MCSO of having sold the photograph in the past. Nothing in Sheriff Arpaio's alleged statements suggests that any infringement occurred after December 2012, and all claims for any infringement occurring prior to that date, as described above, are barred by the statute of limitations.

Mr. Kelly also claimed that he encountered a plainclothes MCSO deputy named Rod on November 21, 2014, and Rod gave the impression that MCSO recently sold the copyrighted photographs. (Doc. 74, ¶¶ 60–64 at 14–15). There is, however, no admissible evidence of this encounter. Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A statement by an opposing party's employee is not hearsay if the statement is made during the employment agreement and concerns a matter within the scope of the employment relationship. Fed.

R. Evid. 801(d)(2)(D). The proffering party must "lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment." *Sea-Land Service, Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 821 (9th Cir. 2002) (quoting *Harris v. Itzhaki*, 183 F.3d 1043, 1054 (9th Cir. 1999)); *see United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000) (explaining that a party proffering evidence pursuant to Rule 801(d)(2)(D) bears the burden of establishing an adequate foundation).

Despite opportunities during discovery, Mr. Kelly failed to identify Rod and give any indication that Rod was an MCSO deputy at the time of their conversation or that Rod's statements concerned a matter within the scope of his employment. Mr. Kelly provided no argument on this issue. Accordingly, the Court excludes Rod's alleged statements as hearsay.

Mr. Kelly fails to substantiate his additional claims that MCSO continued to distribute his copyrighted photograph as recently as 2014. Because there are no genuine issues for trial concerning any of the alleged infringement occurring after December 2012, the Court grants defendant's motion for summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 71) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 7th day of December, 2017.

_____
Honorable G. Murray Snow
United States District Judge